**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-1034**

---

SHEHU MUSTAFA ALI,

                Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: May 27, 2016            Decided: June 17, 2016

---

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

Shehu Mustafa Ali, Petitioner Pro Se. Maarja T. Luhtaru, Timothy Bo Stanton, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shehu Mustafa Ali, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of Ali's requests for asylum and withholding of removal.*

On appeal, Ali challenges the agency's determination that he failed to establish changed or extraordinary circumstances to excuse the untimely filing of his asylum application. See 8 U.S.C. § 1158(a)(2)(B), (D) (2012). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that Ali has failed to raise a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). See Mulyani v. Holder, 771 F.3d 190, 196-97 (4th Cir. 2014); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of Ali's asylum claims. Accordingly, we dismiss this portion of the petition for review.

Although we do not have jurisdiction to consider the denial of Ali's untimely application for asylum, we retain jurisdiction to consider the denial of his request for withholding of removal

---

* Ali does not challenge the agency's denial of his request for protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

2

as this claim is not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2016). "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that [his] life or freedom would be threatened in the country of removal because of [his] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2012). For this relief from removal, an alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we conclude that substantial evidence supports the finding that Ali failed to establish either past persecution or a clear probability of future persecution in Nigeria on account of a protected ground. See In re Ali (B.I.A. Dec. 8, 2015).

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

3